**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NESTOR C. DOMINGO, | No. 13-17341 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05333-CRB |
| v. | |
| MEGAN J. BRENNAN, Postmaster General Pacific Area United States Postal Service, Agency,[*] | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 20, 2016[***]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Nestor C. Domingo appeals pro se from the district court's summary

---

[*]     Megan J. Brennan has been substituted for her predecessor, Patrick R. Donahoe, as Postmaster General under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment in his employment action alleging violations of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

Summary judgment was proper on Domingo's disparate treatment claim because Domingo failed to raise a genuine dispute of material fact as to whether he was subject to an adverse employment action, or whether similarly situated individuals outside his protected class were treated more favorably. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (setting forth elements of prima facie case of discrimination under Title VII, and explaining that an adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment).

Summary judgment was proper on Domingo's retaliation claim because Domingo failed to raise a genuine dispute of material fact as to whether he suffered a materially adverse action, or whether there was a causal relationship between his Equal Employment Opportunity complaints and any such adverse actions. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (setting forth elements of a prima facie case of retaliation under Title VII, and explaining that the plaintiff must show that protected conduct was a but-for

cause of the adverse employment action); *see also Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (defendant's knowledge of protected activity is necessary for causation).

The district court properly granted summary judgment on Domingo's hostile work environment claim because Domingo failed to raise a genuine dispute of material fact as to whether the alleged conduct altered the conditions of his employment or created an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004) (setting forth elements of a prima facie case of hostile work environment under Title VII); *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108-09 (9th Cir. 2008) (a plaintiff cannot establish a prima facie case where he presents no evidence that comments were based on protected characteristics); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004) ("Simply causing an employee offense based on an isolated comment is not sufficient to create actionable harassment under Title VII.").

Because the district court restricted Domingo's action to claims based on events from March 9, 2006 through March 31, 2006, we do not consider the district court's conclusions or the parties' contentions regarding whether Domingo was discriminated or retaliated against in 2007 or 2008.

The district court did not abuse its discretion by considering route inspection

forms because the forms were authenticated by witness Pete Breeland. *See* Fed. R. Evid. 901(a), (b)(1) (providing that one way to authenticate evidence is testimony that an item is what it is claimed to be); *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) (setting forth standard of review).

The district court had the authority to award costs and did not abuse its discretion by doing so. *See Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998) (setting forth standards of review and explaining that the presumption in favor of awarding costs to the prevailing party "may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs"). However, the district court awarded a total of $10,015.85, but appellee has conceded that certain fees in the amount of $60.00 should not have been included in the award. Therefore, we vacate the award and remand for further consideration.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Domingo's "Motion to Review Related Case 15-15907 Before Deciding Case 13-17341," filed on July 23, 2015, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**