**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NESTOR C. DOMINGO, | No. 16-16784 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-05333-CRB |
| v. | |
| MEGAN J. BRENNAN, Postmaster General Pacific Area United States Postal Service, Agency, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Nestor C. Domingo appeals pro se from the district court's order taxing costs

in his federal employment action. We have jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion. *Bravo v. City of Santa Maria*, 810 F.3d 659,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

665 (9th Cir. 2016).  We affirm.

To the extent Domingo challenges the district court's authority to award costs in this case, this court previously resolved this issue in *Domingo v. Brennan*, 639 F. App'x 418, 420 (9th Cir. 2016), and we are bound by this determination. *See S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue previously decided by . . . a higher court in the same case.").  Contrary to Domingo's contention, defendant's amended bill of costs, filed after this court's mandate issued, was not untimely, and our mandate did not preclude the district court from recalculating the amount of the costs award.  *See Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984) ("The mandate is controlling as to all matters within its compass, but leaves to the district court any issue not expressly or impliedly disposed of on appeal.").

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**